**UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **PAUL ZACK**, **JUDITH ZACK**,<br>  *Plaintiffs,*<br>v.<br><br>**MCLAREN HEALTH ADVANTAGE, INC.**,<br>  *Defendant.* | Case No. 4:17-cv-11253<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge David R. Grand |

## **FIRST AMENDED COMPLAINT**

Plaintiffs Paul Zack and Judith Zack allege as follows for their first amended complaint against McLaren Health Advantage, Inc. ("McLaren Health Advantage"):

1. This is a civil complaint brought by Plaintiffs under the Employee Retirement Income Security Act ("ERISA") regarding breach of the terms of an employee welfare benefit plan, for the purpose of compelling McLaren Health Advantage to provide certain health insurance benefits in the amounts and at the coverage levels promised and for appropriate equitable relief, an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of McLaren Health Advantage's breaches of its obligations and duties under ERISA.

2. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to ERISA, § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and to 28 U.S.C. § 1331.

3. Venue properly lies in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

4. At all relevant times, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), Plaintiffs are beneficiaries under a group health care benefits plan provided by the Ingham Regional Medical Center (d/b/a McLaren Greater Lansing) to its eligible employees and their dependents (the "Plan"), and underwritten by McLaren Health Care Corp. The summary plan description for the Plan ("SPD") is attached as Exhibit 1.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), established or maintained by Ingham Regional Medical Center and funded through the purchase of group health insurance from McLaren Health Care Corp.

6. At all relevant times, McLaren Health Advantage has acted as a third-party claims administrator in this matter, and thus, is the proper party to defend this matter. *See Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988).

7. The *de novo* standard of review applies in this matter.

8. Plaintiffs, husband and wife, are residents of the County of Ingham, State of Michigan, and have at all relevant times been beneficiaries under the group health insurance coverage issued by McLaren Health Care Corp. insuring eligible participants and beneficiaries.

9. On information and belief, McLaren Health Advantage is a corporation organized under the laws of the State of Michigan, which has its principal offices in the City of Flint, County of Genesee, State of Michigan, and which does business throughout the State of Michigan, including the County of Ingham.

10. The Summary Plan Description provides: "You may choose to receive care from any provider every time you seek medical services, but your choice of provider determines the Benefit Coverage Level. There are two types of Benefit Coverage: In-Plan and Out-of-Plan. The network of the provider of services determines the distinction between these two benefit payment levels." (SPD at 10.)

11. The Summary Plan Description further provides that in the case of surgery performed by an out-of-plan surgeon, McLaren Health Care Corp. covers: "After deductible is met, covered at 60% of Reasonable and Customary Amount." (SPD at 100.)

12. On March 8, 2016, Constantine T. Frantizides, M.D., a laparoscopic surgeon, performed surgery on Judith Zack for a laparoscopic redo hiatal hernia repair with mesh and fundoplication and extensive laparoscopic adhesiolysis and esophageal dilation.

13. Dr. Frantizides billed for procedure code 43282 and Modifier 22 (a request for enhanced fees/reimbursement) and procedure code 43450.

3

14. The professional charges for these procedures total $27,986.00.

15. But McLaren Health Advantage improperly and wrongfully determined a "reasonable and customary fee" of only $1,546.41.

16. Plaintiffs have exhausted all internal administrative procedures for filing a claim and appealing denials in accordance with the procedures set forth in the SPD.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) permits a beneficiary to bring a civil action to recover benefits due under the terms of the beneficiary's plan.

18. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) permits a beneficiary to bring a civil action to obtain appropriate equitable relief to redress violations of the Plan and of subchapter I of ERISA and to enforce provisions of subchapter I.

19. McLaren Health Advantage's failure to provide Plaintiffs the full health insurance benefits that they claim, as described above, has deprived Plaintiffs of the benefits due to them in accordance with the terms of the Plan, and is in violation of ERISA.

20. Plaintiffs are entitled to recover the health insurance benefits due to them in accordance with the terms of the Plan, but so far denied to them by McLaren Health Advantage in violation of the Plan, and thus in violation of ERISA.

WHEREFORE, Plaintiffs ask the Court to award them the following relief:

A. a declaratory judgment pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 2201, declaring that Plaintiffs are entitled to group health care benefits in the proper amounts set forth in the Plan and that McLaren Health Advantage has violated the Plan by failing to provide these benefits;

B. a full and accurate accounting by McLaren Health Advantage of all computations for said health care benefits due Plaintiffs, in sufficient detail so that Plaintiffs may ascertain that those benefits are being paid in the proper amount;

C. an order compelling McLaren Health Advantage to provide Plaintiffs the full amount of group health care benefits due Plaintiffs, including interest on all unpaid benefits;

D. an order compelling McLaren Health Advantage to supply Plaintiffs all the information relating to the claim and to pay Plaintiffs the monies provided for in ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1);

E. an award of reasonable attorney fees and costs, pursuant to ERISA § 502(g)(1), 28 U.S.C. § 1132(g)(1);

F. such other and further relief as is appropriate.

                                          Respectfully submitted,

                                          /s/David M. Zack
                                          David M. Zack (P69944)
                                          **BLEVINS SANBORN JEZDIMIR ZACK PLC**
                                          1842 Michigan Ave.
                                          Detroit, MI 48216
                                          p & f: (313) 338-9500
                                          dzack@bsjzlaw.com

                                          *Attorneys for Plaintiffs*

Dated: June 8, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification to counsel of record.

Respectfully submitted,

/s/David M. Zack
David M. Zack (P69944)
**BLEVINS SANBORN JEZDIMIR ZACK PLC**
1842 Michigan Ave.
Detroit, MI 48216
p & f: (313) 338-9500
dzack@bsjzlaw.com

*Attorneys for Plaintiffs*

Dated: June 8, 2017