# UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **PAUL ZACK**, **JUDITH ZACK**,<br>*Plaintiffs,*<br><br>*v.*<br><br>**MCLAREN HEALTH ADVANTAGE**, **INC.**,<br>*Defendant.* | Case No. 4:17-cv-11253<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge David R. Grand |

## SECOND AMENDED COMPLAINT

Plaintiffs Paul Zack and Judith Zack allege as follows for their second amended complaint against McLaren Health Advantage, Inc. ("McLaren Health Advantage"):

1.     This is a civil complaint brought by Plaintiffs under the Employee Retirement Income Security Act ("ERISA") regarding breach of the terms of an employee welfare benefit plan, for the purpose of compelling McLaren Health Advantage to provide certain health insurance benefits in the amounts and at the coverage levels promised and for appropriate equitable relief, an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of McLaren Health Advantage's breaches of its obligations and duties under ERISA.

2.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to ERISA, § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and to 28 U.S.C. § 1331.

3.     Venue properly lies in this District pursuant to ERISA § 502(e)(2), 29

U.S.C. § 1132(e)(2).

4.      At all relevant times, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), Plaintiffs are beneficiaries under a group health care benefits plan provided by the Ingham Regional Medical Center (d/b/a McLaren Greater Lansing) to its eligible employees and their dependents (the "Plan"), and underwritten by McLaren Health Care Corp.

5.      At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), established or maintained by Ingham Regional Medical Center and funded through the purchase of group health insurance from McLaren Health Care Corp.

6.      At all relevant times, McLaren Health Advantage has acted as a third-party claims administrator in this matter, and thus, is the proper party to defend this matter.  *See Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988).

7.      Plaintiffs, husband and wife, are residents of the County of Ingham, State of Michigan, and have at all relevant times been beneficiaries under the group health insurance coverage issued by McLaren Health Care Corp. insuring eligible participants and beneficiaries.

8.      McLaren Health Advantage is a corporation organized under the laws of the State of Michigan, which has its principal offices in the City of Flint, County of Genesee, State of Michigan, and which does business throughout the State of

Michigan, including the County of Ingham.

9.      On March 8, 2016, Plaintiff Judith Zack underwent laparoscopic surgery to correct a hiatal hernia.

10.      Her husband, Plaintiff Paul Zack, is currently employed as a physician at McLaren Medical Group.

11.      Both Plaintiffs were participants in the McLaren Health Advantage Plan on March 8, 2016.

12.      Dr. Constantine Frantzides performed the procedure.

13.      At the time of Plaintiff's surgery, Dr. Frantzides was a professor of surgery at the University of Chicago and Chairman of the Department of Surgery at Weiss Memorial Hospital in Chicago.

14.      Dr. Frantzides is a leading expert on the type of procedure Judith Zack required.

15.      He was one of the first surgeons in the United States to perform laparoscopic surgery, and he conducted the very first "prospective, randomized trial of laparoscopic mesh repair of large hiatal hernias" in the world.

16.      Dr. Frantzides also had specific experience with redo laparoscopic hernia repair—important because Plaintiff had already undergone surgery to repair this hernia in 1999.

17.     Dr. Frantzides does not participate in the McLaren Health Advantage insurance plan.

18.     For Out-of-Plan providers, Defendant reimburses participants 60% of the "Reasonable and Customary"1 fee for the specific procedure performed.

19.     Dr. Frantzides billed Plaintiff a total of $27,986.00 for two billing codes—the aforementioned laparoscopic hiatal hernia repair and an accompanying esophagus dilation.

20.     Plaintiff submitted her benefits claim to Defendant after the procedure.

21.     In this claim, Plaintiff submitted the billing codes for the procedures as determined by Dr. Frantzides: 43450 and 43282 with modifier 22.

22.     To determine the reimbursement amount of Plaintiff's claim, the Plan Administrator first concluded that Dr. Frantzides, who performed the surgery, is not within the McLaren Health Advantage network (i.e., he is an "Out-of-Plan provider"), and thus plaintiff was responsible for the "difference between what the [Out-of-Plan provider] charges for the service and [the Plan's] allowable amount, known as balance-billing," under the terms of her Plan.

23.     Under Plaintiff's Plan and the accompanying McLaren Claims Department Procedure Manual, all claims submitted to Defendant by an Out-of-Plan provider are sent to a third-party, Zelis, which attempts to negotiate the

invoice amount with the provider and then advises Defendant on what amount was ultimately charged to a Plan member.

24.    On May 18, 2016, Defendant notified Plaintiffs that the Reasonable and Customary reimbursement rate determined for procedure codes 43282 and 43450 were $1,451.40 and $96.01 respectively.

25.    Defendant subtracted Plaintiffs' deductible and co-insurance from this amount to come to the final amount of reimbursement, $726.79.

26.    Neither the May 18 letter nor the text of the Plan explained what method Defendant used to calculate the Reasonable and Customary amount.

27.    In Defendant's cross motion for judgment on the administrative record filed before this Court, Defendant offered the following explanation: the Plan "simply applied the reasonable and customary charges set forth in its Fee Schedule for Billing Codes 43282 and 43450" to determine the reimbursable amount of Plaintiff's claim.

28.    The relevant "Fee Schedule" was not attached to Defendant's motion and no such schedule can be found in the administrative record.

29.    Defendant further explained in its cross-motion: "the reimbursement amount is a median of what McLaren pays its In- Plan providers for that kind of service."

30.     This indicates that the allowable fee is determined by calculating an average derived from various fees charged by In-Plan providers for the same kind of surgery.

31.     No schedule of such in-Plan fees, or other kind of information conveying how the reasonable and customary amount is determined, was ever produced in this litigation.

32.     Likewise, there is nothing in the record that shows whether Defendant, in determining the reasonable and customary amount, ever considered the "modifier 22" Dr. Frantzides applied to the billing code 43282.

33.     Healthcare providers use modifier 22 as an appendix to the procedure's billing code to denote that the procedure was more difficult or complicated than usual.

34.     Defendant thus reimbursed Plaintiffs at 60% of the Reasonable and Customary amount it had determined less Plaintiffs' deductible.

35.     The total amount of benefits paid was $726.79.

36.     Plaintiffs appealed the claim decision to the McLaren Appeals Committee.

37.     Specifically, Plaintiffs challenged Defendant's determination of the Reasonable and Customary amount on two grounds: (1) that it was objectively too low given the provider's charge; and (2) that Defendant had not applied modifier

6

22 to the billing code for the procedure when determining the appropriate

reimbursement amount.

38.    Defendant denied Plaintiffs' appeal, upholding the Plan

Administrator's initial determination.

39.    Plaintiff then filed this action on April 21, 2017, renewing the two

arguments above and adding a claim that Defendant had violated the terms of

ERISA by failing to provide Plaintiffs with a copy of the fee schedule used to

determine the Reasonable and Customary amount for the procedures she had.

40.    On October 16, 2017, Defendant contacted Plaintiffs' counsel and

requested that Plaintiffs voluntarily dismiss their claim.

41.    When Plaintiffs refused, Defendant filed its Motion for Judgment on

the Administrative Record asking that the Court affirm the administrative decision

below by denying Plaintiffs' appeal for Plan benefits and dismissing Plaintiffs'

Complaint with prejudice.

42.    Plaintiffs filed their own Motion for Judgment on the Administrative

Record on November 11, 2017.

43.    On September 20, 2018, this Court found in Plaintiffs' favor on the

underlying claim—that Defendant had arbitrarily and capriciously denied Plaintiffs

the benefit to which they were entitled.

44.    The Court found that McLaren Health Advantage engaged in an

inadequate review of Plaintiffs' claim and acted improperly by, among other things:

    a.  violating ERISA's notice and document production requirements by failing to disclose the method the McLaren Health Advantage used to calculate the reasonable and customary amount and provide any corresponding fee schedule used,

    b.  denying benefits based on an undisclosed interpretation of the term "reasonable and customary," and

    c.  failing to consider the complete (and commonly used) billing code Plaintiffs submitted (*i.e.*, the modifier 22).

45.    The Court ordered that Plaintiffs' claim for benefits be remanded to the plan administrator for a full and fair redetermination of the benefit.

46.    The Court awarded Plaintiffs attorney's fees and costs on December 13, 2018.

47.    On December 11, 2018, Plaintiffs filed their Motion to Reopen Case, arguing that Defendant had far exceeded its allotted time in which to conduct a benefit redetermination.

48.    On April 2, 2019, the Court granted the motion.  Plaintiffs have thus exhausted all internal administrative procedures for filing a claim and appealing denials in accordance with ERISA claims regulations based on Defendant's failure to meet the deadline for redetermination.

49.     In January 2019, McLaren mailed Plaintiffs correspondence stating that it determined a benefit increase of only $423.18 based on what Medicare pays for the procedure.

50.     As for the modifier 22, McLaren stated that it has "reviewed the documentation used to support Modifier 22 and determined that an increase in payment is justified," and that "[c]onsistent with its past practice, McLaren is increasing payment by 20% of the allowed amount."

51.     The new determination is not entitled to deference.

52.     The *de novo* standard of review applies in this matter.

53.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) permits a beneficiary to bring a civil action to recover benefits due under the terms of the beneficiary's plan.

54.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) permits a beneficiary to bring a civil action to obtain appropriate equitable relief to redress violations of the Plan and of subchapter I of ERISA and to enforce provisions of subchapter I.

55.     McLaren Health Advantage's failure to provide Plaintiffs the full health insurance benefits that they claim, as described above, has deprived Plaintiffs of the benefits due to them in accordance with the terms of the Plan, and is in violation of ERISA.

56.     Plaintiffs are entitled to recover the health insurance benefits due to

them in accordance with the terms of the Plan, but so far denied to them by McLaren Health Advantage in violation of the Plan, and thus in violation of ERISA.

WHEREFORE, Plaintiffs ask the Court to award them the following relief:

A. a declaratory judgment pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 2201, declaring that Plaintiffs are entitled to group health care benefits in the proper amounts set forth in the Plan and that McLaren Health Advantage has violated the Plan by failing to provide these benefits;

B. a full and accurate accounting by McLaren Health Advantage of all computations for said health care benefits due Plaintiffs, in sufficient detail so that Plaintiffs may ascertain that those benefits are being paid in the proper amount;

C. an order compelling McLaren Health Advantage to provide Plaintiffs the full amount of group health care benefits due Plaintiffs, including interest on all unpaid benefits;

D. an order compelling McLaren Health Advantage to supply Plaintiffs all the information relating to the claim and to pay Plaintiffs the monies provided for in ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1);

E.  an award of reasonable attorney fees and costs, pursuant to ERISA §

502(g)(1), 28 U.S.C. § 1132(g)(1);

F.  such other and further relief as is appropriate.


Respectfully submitted,

/s/David M. Zack
David M. Zack (P69944)
**BLEVINS SANBORN JEZDIMIR ZACK PLC**
1842 Michigan Ave.
Detroit, MI 48216
p & f: (313) 338-9500
dzack@bsjzlaw.com

*Attorneys for Plaintiffs*

Dated: May 14, 2019

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification to counsel of record.

Respectfully submitted,

/s/David M. Zack
David M. Zack (P69944)
**BLEVINS SANBORN JEZDIMIR ZACK PLC**
1842 Michigan Ave.
Detroit, MI 48216
p & f: (313) 338-9500
dzack@bsjzlaw.com

*Attorneys for Plaintiffs*

Dated: May 14, 2019